**SO ORDERED.**

**SIGNED this 20 day of February, 2008.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION**

| | |
|---|---|
| **IN RE:** | **CASE NO.** |
| **RANDY SCOTT PRIDGEN** | **07-04531-8-RDD** |
| **MARSHA CORBETT PRIDGEN** | |
| **DEBTORS** | |

**ORDER DENYING APPLICATION FOR ADMINISTRATIVE EXPENSES**

This matter is before the court on the application of Cary Oil Co., Inc. for classification of a portion of its claim in this case as an administrative expense pursuant to 11 U.S.C. § 503(b)(9). A hearing was held in Wilson, North Carolina on February 12, 2008.

The debtors filed a petition for relief pursuant to chapter 13 of the Bankruptcy Code on December 1, 2007. On February 6, 2008, Cary Oil Company, Inc. ("Cary Oil") filed a proof of claim in the total amount of $122,294.13, consisting of a $158,429.26 unsecured claim and a $36,135.13 claim, which the creditor indicates should be classified as an administrative claim pursuant to § 503(b)(9). In its application, Cary Oil indicates that it entered into an agreement with Warren Oil on April 4, 2000 pursuant to which it was responsible for supplying petroleum and related items and products to the debtors' retail facility. Cary Oil further alleges that it sold fuel to

the debtors pursuant to this agreement between the dates of November 11, 2007 and December 1, 2007, which resulted in an unpaid balance owed to Cary Oil of $36,135.13. It is further alleged in the application that the goods sold pursuant to the agreement were sold in the ordinary course of business, which qualifies the amount owed as an administrative claim pursuant to § 503(b)(9).

At the hearing, Mr. Pridgen testified that he is the sole proprietor of a convenience store. He admitted that he had a business relationship with Cary Oil pursuant to which Cary Oil supplied gasoline to his store. Mr. Pridgen testified that Cary Oil would deliver the gasoline to his store and that Cary Oil would be paid by an electronic funds transfer as the gasoline was pumped. Mr. Pridgen produced a delivery report which indicated that the last gasoline supplied to the store by Cary Oil was delivered on November 9, 2007. Debtor's Exhibit 1. After the delivery on November 9, 2007, there was only a two-day period during which gas was pumped at the store, November 12, 2007 and November 13, 2007, which resulted in total sales of $9,992.45. Debtor's Exhibit 2. Thereafter, Mr. Pridgen stopped selling gas and, on November 15, 2007, requested that Cary Oil pump out the tanks. On November 28, 2007, Cary Oil pumped out the tanks, which contained the gas supplied on November 9, 2007, as well as the gas remaining in the tanks from prior deliveries. Debtor's Exhibit 3. A final payment was made to Cary Oil on November 15, 2007 in the amount of approximately $53,000.00.

11 U.S.C. § 503(b)(9) allows an administrative claim for "the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." Counsel for Cary Oil argues that because Cary Oil was deemed to retain ownership of the gasoline until such time as it was pumped, the gasoline was not received by the debtor until November 12, 2007 and

November 13, 2007, when it was pumped.  Based on the numbers sent to Cary Oil by the debtor, there were sales of $36,135.13 during the period between November 11, 2007 and December 1, 2007.  Counsel for the debtor argues that the gasoline was received by the debtor at the time of delivery, which occurred on November 9, 2007.  Because November 9, 2007 is outside of the 20 day period preceding the commencement of the case, there is no administrative claim.  Counsel for the plaintiff also argues that the $36,135.13 figure claimed by Cary Oil represents the total amount of gasoline delivered on November 9, 2007, some of which was returned to Cary Oil at the time that it pumped out the tanks on November 28, 2007.

Based on the foregoing, the court finds that there was delivery and receipt of the gasoline on November 9, 2007.  At that time, there was gasoline from previous deliveries remaining in the tanks.  Therefore, after the November 9, 2007 delivery, there was a combined amount of gasoline in the tanks.  On November 12, 2007 and November 13, 2007, there were 1,262.3 gallons of regular unleaded gas, 1,578.2 gallons of unleaded plus gas, and 358.4 gallons of premium unleaded gas sold, resulting in $9,992.45 in proceeds.  On November 15, 2007, the debtor requested that the fuel be removed from the tanks.  On November 28, 2007, Cary Oil removed the remaining gasoline from the debtor's tanks.  The evidence, which was uncontradicted by testimony and exhibits presented at the hearing, shows that the receipt of the gasoline occurred on November 9, 2007.  The debtors' petition was filed on December 1, 2007.  Therefore, the receipt of the goods did not occur within 20 days prior to the filing of this case, as required by § 503(b)(9).  Therefore, the application for administrative expenses is **DENIED**.  The court further finds that there may be some dispute regarding the amount of Cary Oil's claim and whether the debtor received credit for the approximately $53,000.00 paid to Cary Oil on November 15, 2007 and the amounts removed from

the tanks on November 28, 2007.  Cary Oil is hereby directed to file an amended proof of claim within thirty days from the date of the entry of this order in accordance with the terms of this order.

**SO ORDERED**.

**END OF DOCUMENT**